UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


BILLY G. ASEMANI,                          :
                                           :
          Plaintiff                        :
                                           :
     v.                                    :  CIVIL NO. 3:CV-03-0964
                                           :
FEDERAL BUREAU OF PRISONS,    :  (Judge Kosik)
et al.,                                          :
          Defendants                    :


**Memorandum and Order**

**Background**

     Billy G. Asemani filed this Bivens-type civil rights action pursuant to 28

U.S.C. § 1331 on June 10, 2003, complaining of incidents allegedly occurring at the

Low Security Correctional Institution at Allenwood, Pennsylvania.[1]  He is currently

confined at the Maryland Correctional Institution, Hagerstown, Maryland.  The

complaint in the action consists of an amended complaint (Doc. 6) and a supplement

thereto (Doc. 7).[2]  Named as defendants are numerous officials and employees of the

Bureau of Prisons as well as LSCI-Allenwood. The claims asserted challenge

Plaintiff's placement in protective custody in administrative segregation following his

---

     [1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,
403 U.S. 388 (1971).

     [2] Collectively, the amended complaint and supplement thereto consist of over
400 pages of allegations and exhibits.

claim of sexual abuse by a prison employee, the denial of dental care while in segregation, retaliation by defendants because of his sexual abuse claim and an unauthorized deduction of funds from his inmate account.

On March 11, 2005, the court issued a lengthy Memorandum and Order addressing a motion for summary judgment filed by defendants. (Doc. 44.)  The Memorandum thoroughly sets forth the factual history of this action and it will not be repeated herein.  In granting the summary judgment motion, the court found that: the BOP and the Northeast Regional Office of the BOP were not proper defendants; Plaintiff failed to set forth claims against Defendants Trybus, Seekler, Coombe, Pastore, Wilitz, Wolf, Myers, Cali, Lozano and Furek; remarks made pertaining to Defendant Ryder were not related to the allegations at issue in the action; no personal involvement was alleged by Defendant Reaser; and Defendants Hawk-Sawyer, Garcia and Zimmerman were subject to dismissal on the basis of respondeat superior.  Other findings by the court included: a failure to state retaliation/conspiracy claims as a basis for placement in the SHU; no cruel and unusual punishment claim resulting from the SHU placement; no violation of Plaintiff's Eighth Amendment right to adequate medical/dental care; and no evidence that funds withdrawn from Plaintiff's inmate account were improper and, even if they were, Plaintiff had post-deprivation of property remedies available.  Summary judgment was thereafter entered for defendants and the case closed.

2

Presently pending is Plaintiff's motion for reconsideration of the court's Memorandum and Order of March 11, 2005. In the motion, Plaintiff raises one single, narrow issue. While he does not challenge the court's findings regarding his placement in protective custody or the findings with regard to the conditions therein, he contends that the court failed to address his claim that the BOP violated its own regulations when it failed to seek approval from the BOP regional correctional administration once he was confined in protective custody in the SHU in excess of 90 days, as set forth in BOP Program Statement 5270.07.

Plaintiff was placed under protective custody following his allegations of sexual abuse of June 14, 2002. The day the investigation into the incident concluded, October 25, 2002, he was released into general population. Thus, he spent just over four (4) months in the protective custody. He claims that because defendants failed to follow their own procedures and seek approval to continue his protective custody once ninety (90) days elapsed, his constitutional rights were violated. He requests that the court grant reconsideration to address this issue.

**Discussion**

### A.    Motion for Reconsideration Standard

The standard for granting a motion for reconsideration is a stringent one. "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v.

Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995); see also Armstrong v.

Reisman, No. 99-CV-4188,2000 WL 288243, at *2 (E.D. Pa. Mar. 7, 2000).  "The

purpose of a motion for reconsideration is to correct manifest errors of law or fact or

to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909

(3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); accord Dodge v. Susquehanna

Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992).  Further, this court has cautioned

litigants that a mere disagreement with the court does not translate into a clear error

of law.  Dodge, 796 F.Supp. at 830.  Rather, a party seeking reconsideration must

demonstrate at least one of the following grounds prior to the court altering, or

amending, a standing judgment: (1) an intervening change in the controlling law; (2)

the availability of new evidence that was not available when the court entered

judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest

injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing

North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate in instances where the court has

"misunderstood a party, or has made a decision outside the adversarial issues

presented to the Court by the parties, or has made an error not of reasoning, but of

apprehension."  See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523,

527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.

Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing,

4

Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue

unsuccessful theories, or argue new facts or issues that were not presented to the court

in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d

678, 682 (E.D. Pa. 2001).

### B.     Analysis

In the instant case, Plaintiff neither claims that an intervening change in the

controlling law has occurred nor does he claim that evidence not previously available

has become available.  He further fails to show that reconsideration of the Court's

Memorandum and Order of March 11, 2005 is necessary to correct a clear error of

law or prevent a manifest injustice from occurring.  He simply argues that the court

did not specifically address his claim that a BOP program statement was not followed

by defendants when they failed to produce authorization to continue his detention in

protective custody beyond a 90 day period.  As previously found by the court, he was

confined in protective custody following his own allegations of sexual abuse by a

prison employee and kept there during the resulting investigation.  He was released

shortly after 4 months, on the day the investigation concluded.

Plaintiff's basis for reconsideration is legally unsound.  "The Constitution does

not require strict adherence to administrative regulations and guidelines."  See

Flanagan v. Shively, 783 F.Supp. 922, 931 (M.D. Pa. 1992).  Rather, Bureau of

Prisons' Program Statements have been found to be "internal agency guidelines" akin

to "interpretative rules" entitled to "some deference."  See Reno v. Koray, 515 U.S. 50, ___, 115 S. Ct. 2021, 2027 (1995).  The Supreme Court examined the circumstances under which prison regulations afford inmates a liberty interest protected by the Due Process Clause.  Sandin v. Conner, 515 U.S. 472 (1995). Instead of focusing on the regulations and policies to determine whether protected liberty interests are created, the focus is on the nature of the deprivation the inmate experienced - - whether there was an "atypical and significant hardship" in relation to the ordinary incidents of prison life.  See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997)(under Sandin there was no liberty interest implicated by an inmate's fifteen-month stay in administrative custody pending an investigation into his involvement in the rape of a prison guard); see also Bernier v. Hawk-Sawyer, et al., Civil No. 3:CV-02-0466 at 22 (M.D. Pa. Sept. 9, 2003)(Vanaskie, C.J.)(finding that failure to conduct a hearing during the period of administrative segregation did not violate rights under the Fifth Amendment).

Based on the foregoing, Plaintiff's asserted basis for reconsidering this court's grant of summary judgment is without merit.  In the Memorandum and Order of March 11, 2005, the court thoroughly addressed the issue of Plaintiff's placement, confinement and conditions in the SHU.  The court found no constitutional violation to have occurred.  Accordingly, the motion for reconsideration will be denied.

**ACCORDINGLY, THIS 11ᵗʰ DAY OF MAY, 2007, IT IS HEREBY**

**ORDERED THAT** Plaintiff's motion for reconsideration (Doc. 45) is **DENIED**.


*s/EDWIN M. KOSIK*
United States District Judge